IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
                                                        : CASE NO. 1:12 CV 00833
DENVER TICKET COMPANY, et al.,                          :
                                                        :
                                      Plaintiffs,       :
                                                        : MEMORANDUM OF OPINION AND
              -vs-                                      : ORDER
                                                        :
                                                        :
CITY OF CLEVELAND, *et al.*,                            :
                                                        :
                                      Defendants.
-------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is a motion to dismiss for lack of jurisdiction and for failure to state a claim filed by defendants City of Cleveland ("Cleveland") and Dedrick Stephens, Commissioner, Division of Assessments and Licenses. The plaintiffs have filed a brief in opposition, and the defendants have replied. For the reasons that follow, the Court will grant the motion.

**I.**

This lawsuit challenges the constitutionality of Cleveland's admission tax, which is codified at Chapter 195 of the codified ordinances of the City of Cleveland. Pursuant to C.O. §195.02, Cleveland imposes a tax on every person who pays an admission charge "to indoor and outdoor theaters, dance halls, amphitheaters, auditoriums, stadiums, athletic pavilions and fields, baseball and athletic parks, circuses, side shows, swimming pools, outdoor amusement parks and observation towers and all other similar places." In addition, and of particular relevance here,

Cleveland imposes a tax of eight percent "on the excess of the amounts paid for tickets or cards of admission to theaters, operas and other places of amusement, sold at . . . places other than the ticket offices of such theaters, operas or other places of amusement, over and above the amounts representing the established price therefore at such ticket offices. . . ." C.O. § 195.02(b). This provision allows Cleveland to collect an 8% tax on the amount of a ticket sale that exceeds the face value of the ticket, where the sale occurred outside the venue's ticket office.

The Commissioner of Cleveland's Division of Assessments and Licenses is authorized to make assessments of unpaid admission tax. C.O. §§ 195.04 - 195.05. The ordinance authorizes the Commissioner to conduct investigations into any person subject to, or believed by the Commissioner to be subject to, the admissions tax. C.O. § 195.28. Under the ordinance, the Commissioner may compel the production of records in carrying out his investigation. C.O. § 195.29. The Commissioner may also make and enforce rules and regulations for the administration of the admissions tax. C.O. § 195.12.

The plaintiffs, Amazing Tickets, Inc. ("Amazing Tickets"), Denver Ticket Company, Inc. ("Denver Ticket"), and Affordable Ticket Agency, Inc. ("Affordable Ticket"), are ticket brokers which purchase tickets for sporting and entertainment events from various sources. (Doc. 15, ¶¶1-3). The plaintiffs re-sell these tickets, at times, above face value and for a profit. Id. In November 2011, defendant Commissioner Dedrick C. Stephens, on the belief that the plaintiffs were subject to the admissions tax, served subpoenas on all three of them. (Doc. 15, ¶4, Ex. A, B , & C). The Commissioner ordered the production of documents relating to transactions for tickets sold for two entertainment events, a Chris Brown concert and a Cleveland Cavaliers game. Id.

The plaintiffs filed this lawsuit, challenging the tax and the subpoenas and naming the City of Cleveland and the Commissioner as defendants. The first amended complaint alleges that the defendants' enforcement of C.O. § 195, *et seq*, deprives the plaintiffs of their constitutional rights to equal protection and substantive due process. (Doc. 15, ¶¶41-48). The plaintiffs also allege that the defendants are liable under state law theories of tortious interference of a business relationship and invasion of privacy. (Doc. 15, ¶¶ 52-54). The plaintiffs seek a declaratory judgment declaring C.O. § 195 unconstitutional, a preliminary and permanent injunction enjoining the enforcement of the ordinance, and actual, consequential, and punitive damages.

The defendants now move to dismiss the complaint and argue that the Tax Injunction Act prohibits this Court from obtaining and exercising subject matter jurisdiction.

## II.

Federal Rule of Civil Procedure 12(b)(1) permits a district court to dismiss a case for lack of subject matter jurisdiction. When a defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears the burden to establish jurisdiction. Hedgepeth v. Tennessee, 215 F.3d 608, 611 (6th Cir. 2000).

Under the Tax Injunction Act, 28 U.S.C. § 1341, a district court lacks subject matter jurisdiction over state and local tax matters where a "plain, speedy and efficient remedy" is available in state court. Colonial Pipeline Co. v. Morgan, 474 F.3d 211, 218 (6th Cir. 2007). As stated in the Act, "[t]he district court shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The purposes of the Act are "to promote comity and to afford states the broadest independence, consistent with the federal constitution, in the

administration of their affairs, particularly revenue raising." Wright v. McClain, 835 F.2d 143, 144 (6th Cir. 1987). The Tax Injunction Act has been broadly interpreted to bar suits for declaratory relief, injunctive relief, and monetary relief when there is an adequate remedy in state court. See California v. Grace Brethren Church, 457 U.S. 393, 408–10 (1982); National Private Truck Council, Inc. v. Oklahoma Tax Comm'n, 515 U.S. 582, 586–88 (1995).

The plain, speedy and efficient remedy contemplated by the Tax Injunction Act merely requires that the state provide certain minimal procedural protections against illegal tax collection. See Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 512 (1981). The state need only provide the "taxpayer with a 'full hearing and judicial determination' at which [he or she] may raise any and all constitutional objections to the tax." Id. At 514 (quoting LaSalle National Bank v. County of Cook, 57 Ill.2d 318, 324, 312 N.E.2d 252, 255-56 (1974). Furthermore, "[s]tate procedures that call for an appeal to a state court from an administrative decision meet these minimal criteria." Northwest Airlines, Inc. v. Tennessee State Bd. of Equalization, 11 F.3d 70, 72 (6th Cir. 1993).

In this instance, the state provides a plain, speedy and efficient remedy in the form of Ohio Revised Code 2723.01. See Laborde v. City of Gahanna, 561 F. App'x 476, 480 (6th Cir. 2014). Under that statute,

> Courts of common pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected, without regard to the amount thereof, but no recovery shall be had unless the action is brought within one year after the taxes or assessments are collected.

Ohio Rev. Code § 2723.01. As acknowledged by the Sixth Circuit, this provision provides a mechanism in state court for raising any and all constitutional objections to a municipal tax. The plaintiffs fail to explain how a state court action filed pursuant to § 2723.01 falls short of the

"plain, speedy and efficient" standard in this instance. Therefore, the plaintiffs' various claims for declaratory, injunctive, and monetary relief will be dismissed.

### III.

For the reasons stated above, the defendant's motion to dismiss for lack of subject matter jurisdiction is granted.

IT IS SO ORDERED.

                                              /s/ Lesley Wells
                                              UNITED STATES DISTRICT JUDGE

Date: 6 April 2015